IN THE UTAH COURT OF APPEALS

----ooOoo----

American Fork City,          )         PER CURIAM DECISION
          )
    Plaintiff and Appellee,    )       Case No. 20120095-CA
          )
v.          )         F I L E D
          )      (May 3, 2012)
Jessica Thayne,          )
          )      ┌─────────────────┐
    Defendant and Appellant.    )      │  2012 UT App 130  │
          └─────────────────┘

-----

Fourth District, American Fork Department, 111101181
The Honorable Christine S. Johnson

Attorneys:    Jessica Thayne, Pleasant Grove, Appellant Pro Se
           James Hansen and Timothy G. Merrill, Pleasant Grove, for Appellee

-----

Before Judges McHugh, Voros, and Christiansen.

¶1    Jessica Thayne appeals her conviction of disorderly conduct, an infraction. This case is before the court on American Fork's motion for summary disposition. We affirm.

¶2    This case arose in the aftermath of a minor traffic accident in which another driver allowed her vehicle to roll into the rear of a vehicle occupied by Jessica Thayne, and her mother and co-defendant, Susan Thayne, while both vehicles were stopped at a

stop light. The other driver, the investigating officer, and both Susan and Jessica Thayne testified at the bench trial. A recording of a 911 call made by Jessica Thayne and a 911 call made by the other driver was admitted into evidence. The other driver testified that both Susan and Jessica Thayne approached her vehicle, yelled at her using expletives, and caused her to be frightened for her safety. Although Jessica Thayne denied that she approached or spoke to the driver of the other vehicle, the district court found that Jessica Thayne's characterization of her own behavior was inconsistent with the other evidence, including her 911 call. The district court also found that the defendants' allegation that the 911 recording had been tampered with was not credible. Finally, the district court found that neither defendant's testimony was credible, but that the other driver's testimony was credible because "it converges with the testimony of the officer and also the [911] recording that's been played here in court today."

¶3 In her docketing statement, Jessica Thayne stated no issue for review, but she denied that she "spoke to the person that hit us" and stated, "I only went to the back of [the] car to see the damage if any [and then] called 911." We construe this as a claim that the district court's findings and decision were not supported by sufficient evidence.

¶4 "When reviewing a bench trial for sufficiency of [the] evidence, we must sustain the trial court's judgment unless it is against the clear weight of the evidence, or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made." *State v. Larsen*, 2000 UT App 106, ¶ 10, 999 P.2d 1252 (citation and internal quotation marks omitted). We defer "to the trial court's ability and opportunity to evaluate credibility and demeanor." *State v. Goodman*, 763 P.2d 786, 787 (Utah 1988). "[B]ecause the trial court had the opportunity to view these witnesses and weigh their credibility, we defer to its findings unless the record demonstrates clear error." *State v. Nichols*, 2003 UT App 287, ¶ 27, 76 P.3d 1173 (citation and internal quotation marks omitted). Thus, a challenge to the district court's credibility determination fails if a defendant "has provided no reason for this court to depart from the deference we grant the trial court to make credibility determinations." *State v. Davie*, 2011 UT App 380, ¶ 25, 264 P.3d 770 (mem.).

¶5 The district court found that Jessica Thayne's testimony was not credible and was inconsistent with the other evidence before the court. In contrast, the court found the testimony of the other driver to be credible and consistent with the other evidence before it. We defer to the district court's credibility determinations in this case. Jessica

Thayne has identified no other issues for review and failed to respond to American Fork's motion.  Accordingly, we affirm the judgment and sentence.


_____
Carolyn B. McHugh,
Presiding Judge



_____
J. Frederic Voros Jr.,
Associate Presiding Judge



_____
Michele M. Christiansen, Judge